# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| BLACK VOTERS MATTER FUND, TRANSFORMATIVE JUSTICE COALITION, THE RAINBOW PUSH COALITION,<br><br>   *Plaintiffs*,<br><br> v.<br><br>BRAD RAFFENSPERGER, Secretary of State of Georgia, in his official capacity,<br><br>   *Defendants*,<br><br>REPUBLICAN NATIONAL COMMITTEE and GEORGIA REPUBLICAN PARTY,<br><br>*Proposed Intervenor-Defendants*. | No. 1:20-cv-4869-SCJ |

**REPLY IN SUPPORT OF PROPOSED INTERVENOR-DEFENDANTS' <u>EMERGENCY</u> MOTION TO INTERVENE**

Plaintiffs want to invalidate Georgia's list-maintenance rules and add nearly 200,000 dubious registrations to the voter rolls—all in the middle of an election where Movants are devoting substantial resources and fielding several candidates. The notion that Movants should be allowed to participate in this case is not "frivolous," Opp. (Doc. 30) at 5—it's obvious. That is why courts have allowed political parties to intervene in countless election cases this year. *See, e.g.*, Mot. (Doc. 14-1) at 1 n.1. That is why the Democratic Party agrees that "political parties usually have good cause to intervene in disputes over election rules." *Issa v. Newsom*, Doc. 23 at 2, No. 2:20-cv-01044 (E.D. Cal. June 8, 2020). And that is why Plaintiffs fail to cite a *single* case where the Republican Party was denied intervention.

In fact, in the last case where voter-registration groups brought a late-breaking challenge, the Republican Party was granted intervention. *See Mi Familia Vota v. Hobbs*, Doc. 25, No. 2:20-cv-1903 (D. Ariz. June 26, 2020). The court did so despite the plaintiffs' arguments that intervention would "politicize[]" the case, that the intervenors had no "'protectable interest,'" and that the intervenors were "adequately represent[ed]" by the secretary of state. *Id.*, Doc. 30 at 8-10 (Oct. 5, 2020). Plaintiffs make those same arguments now, but they are no more persuasive in Georgia than they were in Arizona.

Time is short, and Movants want to give this Court an opportunity to rule on intervention during or before Thursday's hearing. So Movants are submitting this reply today, which briefly addresses the three arguments in Plaintiffs' opposition. Specifically, Movants have substantial interests at stake

in this litigation; those interests are not adequately represented by any existing party; and, in all events, Movants easily satisfy the requirements for permissive intervention.

\* \* \*

**Interests**: Plaintiffs argue that Movants cannot intervene as of right because no one has a legitimate interest in "ensuring that people who were wrongly removed from the voter rolls remain removed." Opp. 10 (emphasis removed). Plaintiffs also stress that their claims have merit and that their relief would not disrupt the ongoing election. Opp. 11-19. These arguments are misplaced for two main reasons.

First, Plaintiffs assume they're *right* about the merits of this case. But "in resolving a motion to intervene," this Court "cannot assume … that Plaintiffs will ultimately prevail on the merits." *Pavek v. Simon*, 2020 WL 3960252, at \*3 (D. Minn. July 12, 2020). This Court must accept *Movants'* defenses as correct. *Oneida Indian Nation of Wis. v. New York*, 732 F.2d 261, 265 (2d Cir. 1984). In other words, this Court must assume that the challenged registrations were properly removed, that Plaintiffs' claims lack merit, and that Plaintiffs' requested relief would disrupt the election.

Second, Plaintiffs misstate Movants' interests. Movants are political parties who are fielding candidates and spending resources in Georgia's fast-approaching election. They plainly have an interest in preventing last-minute changes to the list-maintenance rules and the content of the rolls—changes that would "affect [their] candidates" and drain their "limited resources." *Ohio*

2

*Democratic Party v. Blackwell*, 2005 WL 8162665, at *2 (S.D. Ohio Aug. 26, 2005); *Issa v. Newsom*, 2020 WL 3074351, at *3 (E.D. Cal. June 10, 2020). Movants also have an interest in preventing inaccurate voter rolls, which affect their candidates and resources and undermine "the integrity of the electoral process." *Judicial Watch, Inc. v. King*, 993 F. Supp. 2d 919, 924 (S.D. Ind. 2012). These "practical considerations" are more than sufficient under Rule 24's "liberal[]" definition of interest. *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001). That's why courts "routinely" recognize them. *Issa*, 2020 WL 3074351, at *3.

**Adequacy**: Plaintiffs next argue that Movants cannot intervene as of right because the Secretary adequately represents their interests. Opp. 6-10. But Rule 24(a)(2) requires only that the "representation … '*may be*' inadequate; and the burden of making that showing should be treated as minimal." *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972) (emphasis added). While courts often presume adequacy in cases involving the government, this presumption does not displace the Rule's relatively low bar. *Clark v. Putnam Cty.*, 168 F.3d 458, 461 (11th Cir. 1999). It is overcome if the movant shows that its interests are "distinct and cannot be subsumed within the public interest" or are "sufficiently different in kind or degree.'" *FTC v. Johnson*, 800 F.3d 448, 452 (8th Cir. 2015); *McDonough v. City of Portland*, 2015 WL 3755289, at *3 (D. Me. June 16, 2015). As is "often" the case, *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 736 (D.C. Cir. 2003), Movants made that showing here.

3

Most obviously, the notion that the Secretary, who is required to be neutral and nonpartisan in election matters, is charged with protecting the interests of *the Republican Party* is self-refuting. The Secretary has no interest in Movants' particular candidates, Movants' particular voters, or Movants' particular resources. Even though he "fall[s] on the same side of the dispute," his different and broader interests ensure that Movants' interests "may not be adequately represented" in this case. *Issa*, 2020 WL 3074351, at *3. The Secretary's "representation of the public interest generally cannot be assumed to be identical to the individual parochial interest of a particular member of the public merely because both entities occupy the same posture in the litigation." *Utah Ass'n of Ctys. v. Clinton*, 255 F.3d 1246, 1255-56 (10th Cir. 2001).

Notably, the Secretary agrees. He does not oppose Movants' intervention. As many courts have stressed, the government's "silence on any intent to defend [the movant's] special interests is deafening." *Conservation Law Found. of N.E., Inc. v. Mosbacher*, 966 F.2d 39, 44 (1st Cir. 1992); *accord Utahns for Better Transp. v. DOT*, 295 F.3d 1111, 1117 (10th Cir. 2002) (same). Because the Secretary "nowhere argues … that [he] will adequately protect [their] interests," Movants "have raised sufficient doubt concerning the adequacy of [his] representation." *U.S. House of Representatives v. Price*, 2017 WL 3271445, at *2 (D.C. Cir. Aug. 1, 2017).

**Permissive Intervention**: Plaintiffs devote less than two pages to permissive intervention. Opp. 19-21. Their arguments about interests and

4

adequate representation are not relevant under Rule 24(b). *See SEC v. U.S. Realty & Imp. Co.*, 310 U.S. 434, 459 (1940) ("[Permissive intervention] plainly dispenses with any requirement that the intervenor shall have a direct personal or pecuniary interest in the subject of the litigation."); *Planned Parenthood of Wis., Inc. v. Kaul*, 942 F.3d 793, 801 n.4 (7th Cir. 2019) ("[P]ermissive intervention … does not require the [movant] to demonstrate that its interests are inadequately represented under any standard."). Instead, Plaintiffs raise only one relevant objection to permissive intervention: that Movants lack a "defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).[1]

Plaintiffs are mistaken. Like the Secretary, Movants defend this case by arguing that Plaintiffs have no claim under the NVRA, lack standing, and are barred by laches and the *Purcell* principle. *Compare* Proposed Answer (Doc. 14-2) at 15-16, *with* Mot. to Dismiss (Doc. 28-1), *and* Opp. to PI (Doc. 31). As courts have repeatedly recognized in similar cases, "there can be little doubt that the [Republican Party's] proposed answer to Plaintiffs' complaint shares a common factual and legal basis with the main action." *League of Women*

---

[1] Plaintiffs also say they "contest" whether Movants' intervention will cause undue delay or prejudice, Opp. 21, but they never make any actual arguments to that effect. The claim is thus abandoned. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) (explaining that a claim is abandoned when the litigant "makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority").

5

*Voters of Va. v. Va. State Bd. of Elections*, 2020 WL 2090678, at *3 (W.D. Va. Apr. 30, 2020); *accord Edwards v. Vos*, 2020 WL 6741325, at *1 (W.D. Wis. June 23, 2020). Plaintiffs' only counterargument—that Movants were not "involved" in crafting the challenged policies, Opp. 20—is irrelevant under Rule 24(b). *See* Wright & Miller, 7C Fed. Prac. & Proc. Civ. §1911 & n.9 (3d ed.) (rejecting the notion that "a permissive intervenor" must "be a person who would have been a proper party at the beginning of the suit"). Granting permissive intervention is thus the easiest way to resolve this motion.

*   *   *

As courts have done throughout this election cycle, the Court should grant this motion to intervene and allow Movants to participate as defendants in this case.[2]

---

[2] In various places, Plaintiffs accuse Movants of "misquoting" cases, Opp. 4, 12, 15, and trying "to intentionally mislead the Court," Opp. 14. Those are serious charges. And they are baseless. Every quote in Movants' brief appears in the case that Movants cited. As another court put it when faced with similar charges about opposing counsel "misleading" the court and "misquoting" the law, "[t]his type of vitriol—lacking any factual or legal basis—is distracting, inappropriate, and frivolous." *Von Staich v. Valenzuela*, 2017 WL 10636887, at *25 (C.D. Cal. Aug. 30, 2017).

Respectfully submitted,

Dated: December 9, 2020  /s/ *Cameron T. Norris*

| | |
|---|---|
| Douglas Chalmers, Jr. (GA Bar #118742)<br>Mark W. Wortham (GA Bar #777065)<br>CHALMERS & ADAMS LLC<br>5805 State Bridge Rd. #G77<br>Johns Creek, GA 30097<br>Phone: (770) 630-5927; (404) 428-0956<br>Fax: (866) 716-6089 | Tyler R. Green (*pro hac vice*)<br>Cameron T. Norris (*pro hac vice*)<br>CONSOVOY MCCARTHY PLLC<br>1600 Wilson Boulevard, Suite 700<br>Arlington, VA 22209<br>(703) 243-9423 |

Zachary M. Wallen (*pro hac vice*)
CHALMERS & ADAMS LLC
301 South Hills Village Drive,
Suite LL200-420,
Pittsburgh, PA 15241
(412) 200-0842

*Counsel for Proposed Intervenor-Defendants*

## CERTIFICATE OF COMPLIANCE

I certify that this motion uses 13-point Century Schoolbook in compliance with Local Rule 5.1(B).

/s/ *Cameron T. Norris*

## CERTIFICATE OF SERVICE

I certify that this reply was filed with the Clerk via CM/ECF on December 9, 2020 thereby serving all counsel of record.

/s/ *Cameron T. Norris*