# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

|  |  |
|---|---|
| BLACK VOTERS MATTER FUND, TRANSFORMATIVE JUSTICE COALITION, THE RAINBOW PUSH COALITION PARTY, and SOUTHWEST VOTER EDUCATION PROJECT,<br><br>*Plaintiffs*,<br><br>v.<br><br>BRAD RAFFENSPERGER, Secretary of State of Georgia, in his official capacity,<br><br>*Defendant*,<br><br>REPUBLICAN NATIONAL COMMITTEE and GEORGIA REPUBLICAN PARTY,<br><br>*Intervenor-Defendants*. | No. 1:20-cv-4869-SCJ |

## INTERVENOR-DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

Intervenors ask this Court to deny Plaintiffs' motion for a preliminary injunction. Given the press of time, Intervenors join the Secretary's opposition and limit this opposition to two main points.

***First***, even if Plaintiffs had a meritorious claim, the equities weigh decidedly against granting their tardy request for equitable relief. *See* Sec'y PI Opp. (Doc. 31) at 18-21. "Call it what you will—laches, the *Purcell* principle, or common sense." *Crookston v. Johnson*, 841 F.3d 396, 398 (6th Cir. 2016). But the idea is that federal courts must "allow[] the States to run their own elections." *New Ga. Project v. Raffensperger*, 976 F.3d 1278, 1283 (11th Cir. 2020). At least seven times in this cycle alone, the Supreme Court has instructed federal courts not to "alter state election laws in the period close to an election." *Democratic Nat'l Comm. v. Wis. State Legislature*, 2020 WL 6275871, at *3 (U.S. Oct. 26, 2020) (Kavanaugh, J., concurring in denial of application to vacate stay) (*DNC*). Courts have applied this principle in cases like this one, where the plaintiffs tried to add voters to the rolls shortly before the registration deadline. *E.g.*, *Mi Familia Vota v. Hobbs*, 977 F.3d 948, 953 (9th Cir. 2020).

This principle serves several important purposes:

- It honors the "basic tenet" that "[w]hen an election is close at hand, the rules of the road should be clear and settled." *DNC*, 2020 WL 6275871, at *3 (Kavanaugh, J., concurral).

- It recognizes that "running a statewide election is a complicated endeavor," requiring "a massive coordinated effort … before and during the election, and again in counting the votes afterwards." *Id.* And so "[e]ven seemingly innocuous late-in-the-day judicial alterations to state election laws can interfere with administration of an election and cause unanticipated consequences." *Id.*

1

- It "prevents voter confusion" and "giv[es] citizens (including the losing candidates and their supporters) confidence in the fairness of the election." *Id.* at *4.

- And it "discourages last-minute litigation" by "encourag[ing] litigants to bring any substantial challenges to election rules ahead of time, in the ordinary litigation process." *Id.*

These purposes are so important that they are a *sufficient* basis to deny an injunction—even when the plaintiff is correct that the challenged policy is unconstitutional. *See Purcell v. Gonzalez*, 549 U.S. 1, 5 (2006) (vacating a lower court's injunction "[g]iven the imminence of the election" while "express[ing] no opinion here on the correct disposition" of the case); *Riley v. Kennedy*, 553 U.S. 406, 426 (2008) (explaining that *Purcell* "allow[s] elections to proceed despite pending legal challenges").

This case is not close under *Purcell*, laches, and the related doctrines. Plaintiffs have known about their claims for more than a year. They inexplicably waited to bring this suit until December 2—five days before the December 7 cutoff for voter registration, 12 days before the start of early voting, and barely a month before the January runoff. *See Vote in 2020 Runoff Elections*, Georgia.gov, bit.ly/2K62ptV (last accessed Dec. 9, 2020). This is far too late. *See, e.g., Mi Familia Vota*, 977 F.3d at 950 (staying preliminary injunction where plaintiffs sued five days before the voter-registration deadline). The burdens on Georgia's election officials, *see* Sec'y PI Opp. 19-21, and the damage to state sovereignty and voter confidence are reasons enough to deny Plaintiffs' motion.

***Second***, Plaintiffs are not likely to succeed on their statutory or constitutional claims. The Secretary persuasively explains why Plaintiffs' preferred list-maintenance policies are not compelled by the NVRA or the Constitution. *See* Sec'y PI Opp. 10-18. And *that* is "[w]hat matters" for purposes of list maintenance—"not whether the [Georgia] legislature," in the estimation of litigants or courts, "reached a wise policy judgment." *Husted v. A. Philip Randolph Inst.*, 138 S. Ct. 1833, 1847 (2018). In fact, judicial "second-guesses" in this area raise serious constitutional concerns, since "[t]he Constitution gives States the authority to set the qualifications for voting in congressional elections, Art. I, §2, cl. 1; Amdt. 17." *Id.* at 1846 (citing *Arizona v. Inter Tribal Council of Ariz., Inc.*, 570 U.S. 1, 16-19 (2013); *id.* at 36-37 (Thomas, J., dissenting); *id.* at 36-37 (Alito, J., dissenting)). Denying Plaintiffs' motion thus "avoids serious constitutional problems," which is an "additional reason" for doing so. *Id.* at 1850 (Thomas, J., concurring).

\*   \*   \*

For these reasons and more, this Court should deny Plaintiffs' motion for a preliminary injunction.

3


Respectfully submitted,

Dated: December 9, 2020         /s/ *Cameron T. Norris*

| | |
|---|---|
| Douglas Chalmers, Jr. (GA Bar #118742)<br>Mark W. Wortham (GA Bar #777065)<br>CHALMERS & ADAMS LLC<br>5805 State Bridge Rd. #G77<br>Johns Creek, GA 30097<br>Phone: (770) 630-5927; (404) 428-0956<br>Fax: (866) 716-6089 | Tyler R. Green (*pro hac vice*)<br>Cameron T. Norris (*pro hac vice*)<br>CONSOVOY MCCARTHY PLLC<br>1600 Wilson Boulevard, Suite 700<br>Arlington, VA 22209<br>(703) 243-9423 |

Zachary M. Wallen (*pro hac vice*)
CHALMERS & ADAMS LLC
301 South Hills Village Drive,
Suite LL200-420,
Pittsburgh, PA 15241
(412) 200-0842

*Counsel for Proposed Intervenor-Defendants*

## CERTIFICATE OF COMPLIANCE

I certify that this opposition uses 13-point Century Schoolbook in compliance with Local Rule 5.1(B).

/s/ *Cameron T. Norris*

## CERTIFICATE OF SERVICE

I certify that this opposition was filed with the Clerk via CM/ECF on December 9, 2020 thereby serving all counsel of record.

/s/ *Cameron T. Norris*