IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BLACK VOTERS MATTER FUND, TRANSFORMATIVE JUSTICE COALITION, THE RAINBOW PUSH COALITION, and SOUTHWEST VOTER EDUCATION PROJECT,<br><br>Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER, in his official capacity as Secretary of State of Georgia,<br><br>Defendant.<br><br>REPUBLICAN NATIONAL COMMITTEE and GEORGIA REPUBLICAN PARTY,<br><br>Intervenor-Defendants. | CIVIL ACTION FILE NO.<br><br>1:20-CV-04869-SCJ |

## ORDER

This matter is before the Court on the Emergency Motion to Intervene filed by Proposed Intervenor-Defendants Republican National Committee and

Georgia Republican Party (the "Proposed Intervenors") (Doc. No. [14]).[1] The Proposed Intervenors state that Defendant does not oppose the Motion. Doc. No. [14-1], p. 4. Plaintiffs, however, responded in opposition (Doc. No. [30]), and Proposed Intervenors replied (Doc. No. [33]). The Court now issues the following Order.

## I. BACKGROUND

The Court recites only those facts immediately relevant to the Proposed Intervenors' Motion. Plaintiffs filed this action on December 2, 2020 (Doc. No. [1]) and amended their complaint on December 8, 2020 (Doc. No. [28]). They bring statutory and constitutional claims, alleging Defendant unlawfully cancelled thousands of voters from Georgia's voter rolls. See Doc. No. [28], pp. 1–5. Plaintiffs seek emergency injunctive relief and have asked this Court to order Defendant to place the cancelled voters back onto the voter rolls before the January 5, 2021 Senate run-off election. See Doc. No. [6], pp. 1, 3.[2]

---

[1] All citations are to the electronic docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

[2] Plaintiff Southwest Voter Education Project ("SVEP") was added to this action in the Amended Complaint (Doc. No. [28]), after the Motion for Preliminary Injunction (Doc. No. [6]) was filed. Thus, SVEP is not listed in the Motion for Preliminary Injunction. For present purposes, however, the Court assumes all Plaintiffs join in seeking the same

Proposed Intervenors moved to intervene on December 5, 2020. Doc. No. [14]. They argue that they satisfy the criteria for intervention as of right under Federal Rule of Civil Procedure 24(a)(2) because (1) they have "a clear interest in protecting their candidates, voters, and resources" from the effects of Plaintiffs' requested relief and (2) no other party in the lawsuit adequately represents their interests. Doc. No. [14-1], p. 3. Alternatively, they argue the Court should grant them permissive intervention under Rule 24(b) because their "defenses share common questions of law and fact with the existing parties" and the resolution of this matter will impact their election-related activities and interests in Georgia. See id.

Plaintiffs oppose the Motion to Intervene, arguing that Proposed Intervenors have no legitimate interest in "prevent[ing] people who have wrongfully been terminated from the voter rolls from voting." Doc. No. [30], p. 5. Plaintiffs further argue that any legitimate interest Proposed Intervenors have in the lawsuit is already adequately represented by Defendant Secretary of State. Id. at 4–5.

---

injunctive relief.

3

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 24 allows for third parties to intervene in a pending lawsuit and be added as a party to the action. Rule 24(a) allows for "intervention of right." Under Rule 24(a)(2), a court must permit a third party to intervene if: (1) its application to intervene is timely; (2) it has an interest in the matter that is the subject of the action; (3) it is so situated that disposition of the action, as a practical matter, may impede or impair its ability to protect that interest; and (4) its interest is not adequately represented by the existing parties to the suit. Chiles v. Thornburgh, 865 F.2d 1197, 1213 (11th Cir. 1989).

Rule 24(b), on the other hand, allows for "permissive intervention." Under this rule, a court has discretion to permit a third party to intervene if the third party "has a claim or defense that shares with the main action a common question of law or fact," so long as the court also considers "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)–(c); Chiles, 865 F.2d at 1215. For permissive intervention, the third party need not necessarily have the same interests as parties to the action; it simply needs to have some identifiable interest in the outcome of the lawsuit. See Sec. & Exch. Comm'n v. U.S. Realty & Imp. Co., 310 U.S. 434, 459 (1940); In re

Estelle, 516 F.2d 480, 485 (5th Cir. 1975) (stating that the "claim or defense" portion of Rule 24(b) has been construed liberally).

### III. ANALYSIS

The Court finds that Proposed Intervenors meet the requirements for Rule 24(b) permissive intervention in this action. Proposed Intervenors seek to defend the lawfulness of the election laws that Plaintiffs challenge under the same theories Defendant has argued (See Doc. No. [33], p. 6), and they have asserted that Plaintiffs' requested relief would undermine their interests in promoting their chosen candidates and protecting the integrity of Georgia's elections (see Doc. No. [14-1], pp. 3, 11–12). They thus show that they have a claim or defense that shares with the lawsuit a common question of law or fact.

For purposes of permissive intervention, it suffices that Proposed Intervenors identified a specific interest to protect and a common defense. Plaintiffs' argument that Proposed Intervenors have no legitimate interest that is not already adequately defended (see Doc. No. [30], pp. 5) does not counsel against granting permissive intervention because Rule 24(b) does not have the same inadequate representation requirements that Rule 24(a)(2) does. Instead, Proposed Intervenors have stated their interest and oppose Plaintiffs' action

under the same defenses Defendant raises. That suffices under the liberally construed "common fact or defense" standard. See, e.g., Priorities USA v. Nessel, No. 19-13341, 2020 WL 2615504, at *3 (E.D. Mich. May 22, 2020) (allowing intervention of third parties that, like the defendant in the action, sought to defend the constitutionality of certain state laws).

Furthermore, the Court finds that allowing Proposed Intervenors to enter this action will not unduly delay or prejudice the adjudication of the original parties' rights. They moved to intervene a mere three days after Plaintiffs filed the lawsuit. And because this case is still in its infancy, the Court finds that including Proposed Intervenors will not stall this litigation or unduly burden Plaintiffs in their effort to prove their case.

Because the Court finds that Proposed Intervenors meet the requirements for permissive intervention, it need not address whether they are entitled to intervene as of right. See League of Women Voters of Michigan v. Johnson, 902 F.3d 572, 577 (6th Cir. 2018); cf. USAA Life Ins. Co. v. Doss, No. 3:15-CV-93-J-34MCR, 2016 WL 877843, at *2 (M.D. Fla. Jan. 29, 2016), report and recommendation adopted, No. 3:15-CV-93-J-34MCR, 2016 WL 866463 (M.D. Fla.

Mar. 7, 2016) (finding for movant under Rule 24(a)(2) and opting not to address movant's request under Rule 24(b)).

### IV.    CONCLUSION

For the foregoing reasons, the Emergency Motion to Intervene (Doc. No. [14]) is **GRANTED**.

**IT IS SO ORDERED** this __8th__ day of December, 2020.

                                           s/Steve C. Jones
                                           **HONORABLE STEVE C. JONES**
                                           **UNITED STATES DISTRICT JUDGE**