# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| BLACK VOTERS MATTER FUND, TRANSFORMATIVE JUSTICE COALITION**,** THE RAINBOW PUSH COALITION and SOUTHWEST VOTER REGISTRATION EDUCATION PROJECT | ] ] ] ] ] ] ] | |
| Plaintiffs | ] ] | Civil Action No. 20-cv-4869 (SCJ) |
| V. BRAD RAFFENSPERGER, Secretary of State of Georgia in his official capacity, | ] ] ] ] ] | |
| Defendant | ] | |

## PLAINTIFFS' CONSOLIDATED REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION AND PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

## INTRODUCTION

Plaintiffs' motion for reconsideration was not aimed at the Court's decision not to grant their preliminary injunction, but rather was aimed at the one finding, made without the benefit of the transcript. That finding was that the Secretary of State had used Anchor Computer, a USPS licensee to determine which of Georgia's voters had filed NCOA notices, resulting in their ultimate removal from Georgia's voter rolls.

[63] p. 26. This finding was the basis for finding that Defendant complied with the safe harbor provision of the NVRA undermining Plaintiffs' likelihood of success on the merits of Count I. [63] p. 26.

Plaintiffs motion to amend the complaint, was made to address the Court's finding regarding the NVRA notice issue because at the time Plaintiffs made the motion to amend, the 90 days had run out from the date of the September 22, 2020 letter to the Secretary of State from the Palast Investigative Fund (PIF). The September 22, 2020 letter did advise the Secretary of State that according to Merkle Inc., whose job it is to verify addresses, almost two thirds of the people the Secretary of State was removing from voter rolls for having moved, had not moved. The proposed amended complaint not only sought to add a Plaintiff, but also amended the relief requested to include short-term relief and the long-term request to restore voters who were wrongly removed from the voter rolls.

## ARGUMENT

### I. DEFENDANT MISCONSTRUES THE NATURE OF PLAINTIFFS' MOTION FOR RECONSIDERATION

#### A. Plaintiffs Motion For Reconsideration Was Aimed Only At the Factual Finding Regarding the Secretary of State's Use of Anchor Computer for the NCOA Analysis

When Plaintiffs filed the motion for reconsideration, they were not seeking to challenge the Court's full decision on the motion for preliminary injunction, just the

Court's finding that the Secretary of State had used a USPS licensee, Anchor Computer, to evaluate the NCOA registry.

Plaintiffs were not asking the Court to adopt "their view of the facts". Rather Plaintiffs quoted the record before the Court during the December 10, 2020 hearing to show that Mr. Harvey's declaration about Defendant's use of Anchor Computer for NCOA analysis, which was sworn to be based on personal knowledge, was not based on personal knowledge but was speculation. The rest of the motion showed that the Court's reliance on Mr. Lenser's "admissions" of possible reasons for the discrepancies did not provide a basis to support the Court's finding that the Defendant has used a USPS licensee for the NCOA analysis. The Defendant's reliance on *QBE Ins. Corp. v. Jorda Enters.*, 277 F.R.D. 676, 688 (S.D. Fla. 2012) is misplaced. In that case the Court denied struck testimony of a Rule 30(b)(6) witness, on topics where he was not able to provide testimony. By contrast, Mr. Harvey was not produced as a Rule 30(b)(6) witness. He is the Director of Elections, and in his Declaration, he stated he had worked for the Secretary of State for more than a decade, and during that time he had acquired firsthand knowledge of Georgia's election processes at both the state and county level. [31-1] paras 2-3.

The Defendants' argue that the motion for reconsideration is flawed because Mr. Lenser was not using the same data as the Secretary of State. The reality is Plaintiffs only used the Secretary of State's data and found that of the over 108,000

Georgians whose registrations were cancelled for reasons of NCOA, 68,930, who presumably would have had to been picked up in the 2015 NCOA search, still lived at the address of their original registration. Thus the 68,930 people whose registrations were cancelled for putting in NCOA notices in the years before 2015, were found by Merkle Inc., whose databases go back almost two decades, to still be living at the address of their original registration.

### B. The Documents Provided to the Court in the Second Harvey Declaration Are Not Properly Before the Court.

Defendant claims that Plaintiffs had ample opportunity to put in their case on December 10, 2020, yet Defendant now claims that they have "found" documents which were never put before the Court at the hearing to attempt to defeat this motion for reconsideration of the Court's decision based on the December 10, 2020 record. Mr. Harvey claimed that they had difficulty finding these documents because they were provided by Total Data Technologies directly to the vendor. [72-1] para 6. However, the Secretary of State knew that the question of how the NCOA list was analyzed, had been questioned since September 1, 2020 and did nothing, even after receiving the letter from counsel for PIF on September 22, 2020 raising the same issues. The late presentation of these documents does not allow Plaintiffs any chance to evaluate whether any of the information obtained from the analysis was used by Total Data Technologies or the Secretary of State to remove voters in 2019, and certainly the late production of documents does not address the almost two thirds

error rate that the Plaintiffs' expert, Mr. Lenser, testified to. Indeed, this Court even after assuming that Anchor Computer was involved in the process of evaluating the NCOA registry was still concerned with the discrepancies and encouraged the parties to meet. [63] p. 39.

## II.     PLAINTIFFS' MOTION TO AMEND SHOULD BE GRANTED.

This Court is aware that under Rule 15 of the Federal Rules of Civil Procedure motions to amend should be "freely granted." The Defendant claims the September 22, 2020 [50-7] letter does not give the Secretary of State adequate notice of a perceived violation of the NVRA. A plain reading of the letter shows this not to be true. The letter lays out the PIF's concern that almost 200,000 people had their registrations cancelled for moving when, according to Merkle Inc., they had not. The letter reminded the Secretary of State that the NVRA required the use of a USPS licensee for NCOA purposes, and requested the Secretary of State to name their licensee if in fact a licensee was used. The letter reminded the Secretary of State of his previous litigation. The letter was ignored. There is no question that this letter is an NVRA notice by the PIF to the Secretary of State.

While it is true that in light of the election and its results Plaintiffs' request in the proposed amended complaint to have the provisional ballots counted, is now moot, and Plaintiffs may need to reconfigure the complaint to reflect the changes in circumstances, Plaintiffs believe that their motions for reconsideration and to amend

should be granted by this Court. Plaintiffs also believe that granting the amendment would moot the claims made in Defendant's Motion to Dismiss.

Respectfully submitted, this 25th day of January 2021.

By: /s/ Gerald A. Griggs
Gerald A. Griggs

Georgia Bar No. 141643

Lead Attorney for Plaintiffs

1550 Scott Blvd
Decatur, Ga. 30030
(404) 633-6590
Gerald@geraldagriggs.com

By: /s/ Jeanne Mirer
Jeanne Mirer

New York Bar No. 4546677

Lead Pro Hac Vice Attorney for Plaintiffs

Mirer, Mazzocchi & Julien PLLC
1 Whitehall Street, 16th
Floor
New York, NY 10004
jmirer@mmsjlaw.com
(212) 231 2235

By: /s/ Tricia P. Hoffler
Tricia P. Hoffler, Esq.
Georgia Bar No. 666951
Co-Counsel for Plaintiffs

The CK HOFFLER FIRM
23 Lenox Pointe

Atlanta, GA 30324
Telephone: (404) 263-0201
Facsimile: (404) 263-0202
E-Mail: ck@ckhofflerfirm.com

By: /s/ Maria O. Banjo
Maria Olabosipo Banjo
Georgia Bar No. 266098
Co-Counsel for Plaintiffs

Maria O. Banjo, LLC
1550 Scott Blvd
Decatur, GA 30033
404-226-8081
Email: maria@mariabanjo.com

By: /s/ Fred David Gray
Fred David Gray, Esq.
Alabama Bar No. 1727R63F
Co-Counsel for Plaintiffs
Pro Hac Vice

Gray, Langford, Sapp, McGowan, Gray, Gray & Nathanson, PC
108 Fred Gray Street
Tuskegee, AL 36083-0239
Telephone: (334) 727-4830
Facsimile: (334) 727-5877
E-Mail: fgray@glsmgn.com

Jonathan Savage
Savage Law Group
Missouri Bar No. 69446
Pro Hac Vice

Savage Law Group
7281 Olive Blvd.
University City, Missouri 63031
Telephone: (314) 282-4284
Savagelawgroupllc@gmail.com